## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

BERNARD MEEKS, #29644,

        Petitioner,

v.                                   ACTION NO.  2:18cv410

ANNE L. PRECYTHE,
Director of the Missouri
Department of Corrections, and

MARK R. HERRING,
Attorney General of Virginia,[1]

        Respondents.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

    This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.   For the reasons that follow, it is **RECOMMENDED** that the motion to dismiss filed by respondent Attorney General of Virginia, ECF No. 24, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

---

[1] It is **ORDERED** that the petition shall be deemed amended to substitute as respondents in this proceeding Anne L. Precythe, Director of the Missouri Department of Corrections, and Mark R. Herring, Attorney General of Virginia.

## I. <u>STATEMENT OF THE CASE</u>

Petitioner, Bernard Meeks, has submitted an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 7. Meeks is currently incarcerated in Jefferson City Correctional Center in Jefferson City, Missouri, where he is serving a life sentence. ECF No. 1 at 1, 13. Meeks asserts the state of Virginia has unlawfully filed a detainer against him in Missouri. ECF No. 1 at 2, 8–9.

Following a jury trial in the Circuit Court of the City of Norfolk on June 12, 1975, Meeks was convicted of two counts of robbery and was sentenced to 50 years in prison. *Commonwealth v. Meeks*, No. F643-75 (Va. Cir. June 12, 1975).

Following a bench trial in the Circuit Court of the City of Norfolk on July 30, 1975, Meeks was convicted of robbery, attempted escape, and four counts of abduction and was sentenced to 75 years in prison. *Commonwealth v. Meeks*, No. F777-75 (Va. Cir. July 30, 1975). The Supreme Court of Virginia refused Meeks' appeal on February 17, 1976. *Commonwealth v. Meeks*, No. 751363 (Va. Sup. Ct. Feb. 17, 1976).

On July 27, 2018, Meeks filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was amended on October 22, 2018. ECF Nos. 1, 7. According to his petition, after Meeks began serving his sentence in Virginia, Virginia released him to Missouri "over his protest." ECF No. 7 at 5, 16. Meeks remains in custody in Missouri where he is serving a life sentence. *Id.* at 13.

Meeks asserts that Virginia filed a detainer with Missouri, which was later withdrawn. *Id.* Meeks attaches a letter to his petition, dated May 19, 1980, that is written on Missouri State Penitentiary letterhead and addressed to the assistant criminal records custodian in Richmond, Virginia. ECF No. 7 at 17. The letter states, "[b]ecause your indictment was dismissed on 11

2

August 1978, we are withdrawing the detainer we formerly placed against MEEKS in your favor." *Id.*

Meeks attaches three other documents to his amended petition. ECF No. 7 at 18–20. The first is a document from the Missouri Department of Corrections, signed by the records officer on July 26, 2013. *Id.* at 18. The document indicates that a detainer has been placed against Meeks by the Virginia Department of Corrections, with reference to his convictions for robbery, abduction, and attempted escape, resulting in a total sentence of 125 years. *Id.* The second document is titled "Agreement on Detainers Form III, Certificate of Inmate Status" and is dated June 8, 1978. *Id.* at 19. This form indicates that a detainer is "currently on file" against Meeks for the Department of Corrections in Richmond, Virginia, for the charge of escape. *Id.* The last document is titled "Agreement on Detainers Form IV, Offer to Deliver Temporary Custody," is also dated June 8, 1978, and is signed by the warden of the Missouri State Penitentiary. *Id.* at 20. Aside from listing the Commonwealth's attorney in Richmond, Virginia, and indicating Meeks' name and prisoner number, all other information on this form has been crossed out. *Id.*

Meeks asserts that "now all of [a] sudden" Virginia is asking that Missouri return him to Virginia. *Id.* at 5. Meeks argues that Virginia must withdraw the detainer currently lodged against him in Missouri because he cannot be forced to stop serving his Virginia sentence and later be required to restart serving the same sentence. *Id.* at 16.

On April 15, 2019, respondent Attorney General of Virginia ("respondent") filed an answer to the petition pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts and a motion to dismiss the petition, along with a supporting memorandum. ECF Nos. 23–25. Respondent asserts Meeks' petition should be dismissed for failure to exhaust state remedies. ECF No. 25 at 2–4. Meeks filed a response to the motion to dismiss on June 10, 2019.

3

ECF No. 29.  Meeks asserts that exhaustion is not necessary because Virginia waived its jurisdiction over him when it allowed him to be removed to Missouri.  ECF No. 29 at 2–3.

## II. ANALYSIS

On June 21, 2016, the Fourth Circuit announced that "regardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254' . . . , even if they challenge the execution of a state sentence," and "the more specific § 2254 'and all associated statutory requirements' shall apply." *In re Wright*, 826 F.3d 774, 779, 783 (4th Cir. 2016).

A federal court cannot grant a writ of habeas corpus under section 2254 to a person in custody pursuant to a state court judgment unless that person "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  The exhaustion doctrine ensures that state courts have a meaningful opportunity to consider claims alleging constitutional violations before their presentation to a federal court.  *Rose v. Lundy*, 455 U.S. 509, 515 (1982).  The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court [are] the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991).  Exhaustion may be achieved either through direct appeal or in post-conviction proceedings.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)).

With respect to the grounds listed in his federal petition, Meeks indicates that he has not raised the issues with the state court.  ECF No. 7 at 6–7.  He explains that he did not exhaust state remedies because he has a limited education and no knowledge of the law.  *Id.* at 7.  Respondent asserts that an online search confirmed that Meeks has not filed a petition for a writ of habeas corpus with the Supreme Court of Virginia.  ECF No. 25 at 3.  Further, records received from the

4

Circuit Court for the City of Norfolk on March 29, 2019, confirm that Meeks has not filed a petition for a writ of habeas corpus with that court.

According to the record before the Court, Meeks has not raised his claims before the Supreme Court of Virginia. This Court cannot address Meeks' petition until after the Supreme Court of Virginia has ruled on the claims, 28 U.S.C. § 2254(b)(1), and the petition should be **DISMISSED WITHOUT PREJUDICE**.

The Court notes that, even if Meeks were to exhaust his state remedies, his claims are likely not cognizable on federal habeas review. In other words, this Court would not be able to grant Meeks habeas corpus review. "[H]abeas review is available to check violations of federal laws when the error qualifies as 'a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" *Reed v. Farley*, 512 U.S. 339, 348 (1994) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

Meeks offers little to support his argument that Virginia's detainer is unlawful. ECF No. 7 at 5, 16. He asserts Virginia lost "jurisdiction" or "legal authority" over him when, after he had begun serving his Virginia sentence, he was released to Missouri. *Id.* As a result, Meeks asserts that he cannot be forced to return to Virginia to serve the remainder of his sentence. *Id.* Meeks fails to allege a constitutional violation or a violation of the Interstate Agreement on Detainers Act ("IADA"), 18 U.S.C. App'x 2.

The IADA is an interstate compact, to which both Virginia and Missouri are parties, that allows a participating state to gain custody of a prisoner incarcerated in another jurisdiction in order to try him on criminal charges. *See* 18 U.S.C. App'x 2; *Cuyler v. Adams*, 449 U.S. 433, 442–43 (1981). The IADA provides prisoners who have had a detainer lodged against them two basic

rights, the right to a speedy trial in the receiving jurisdiction (the speedy trial provision) and the right to a full disposition on the charges in the receiving state before return to the originating state (trial before return provision or anti-shuttling provision). *Id.*

A violation of the IADA only rises to the level of a fundamental defect entitling a petitioner to habeas relief if "'aggravating circumstances' render[] 'the need for the remedy afforded by the writ of habeas corpus . . . apparent.'" *Reed*, 512 U.S. at 350 (quoting *Hill*, 368 U.S. at 428). *See Reed*, 512 U.S. at 342 (finding no aggravating circumstances and holding that a state's violation of the "speedy trial" provisions of the IADA did not qualify as a fundamental defect entitling the petitioner to habeas relief); *Pethtel v. Ballard*, 617 F.3d 299, 305–06 (4th Cir. 2010) (holding that a state court's likely "violation of the trial before return provision of the IADA was not cognizable on habeas review."). Meeks has not alleged any violation of the IADA, and has not alleged violations that rise to the level of a fundamental defect entitling him to habeas relief. *See Reed*, 512 U.S. at 342; *Pethtel*, 617 F.3d at 305–06.

### III. <u>RECOMMENDATION</u>

Based upon the foregoing, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 24, be **GRANTED** and Meeks' amended federal petition, ECF No. 7, be **DISMISSED WITHOUT PREJUDICE** to Meeks refiling his federal petition after he has proceeded in the Virginia state courts. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971).

### IV. <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of

this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules).

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/

Robert J. Krask
United States Magistrate Judge

Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
October 15, 2019

7

## Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was

mailed this date to:

        Bernard Meeks, #29644
        Jefferson City Correctional Center and MDC
        8200 No More Victims Road
        Jefferson City, MO  65101

        Fernando Galindo, Clerk

By_____
        Deputy Clerk

_____October 15_, 2019

8